IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | |
|---|---|
| **JANE DOE,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**NORFOLK STATE UNIVERSITY,**<br><br>   **Defendant.** | Case No. 2:23-cv-470 |

**DEFENDANT NORFOLK STATE UNIVERSITY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR DISCLOSURE OF JANE DOE'S IDENTITY**

  Defendant Norfolk State University ("NSU"), by counsel, submits as follows in support of its Motion for Disclosure of Jane Doe's Identity.

**INTRODUCTION**

  Jane Doe has made disturbing allegations about a former NSU employee and events that allegedly occurred on NSU's campus. Yet, Doe has refused to share her identity, even with NSU or its counsel. NSU therefore cannot investigate Doe's allegations. Nor, if this case proceeds to discovery, could NSU identify witnesses, cross-examine Doe, challenge her evidence, or otherwise adequately defend itself without knowing even the most fundamental fact about its adversary: who is she? For these reasons, NSU asks that the Court require Doe to disclose her identity to NSU and its counsel.

To be clear: NSU is not asking that the Court make Doe's identity public. Should Doe move for permission to proceed under a pseudonym for purposes of the public docket,[1] NSU would not oppose that motion. NSU asks only that the Court require Doe to disclose her identity to NSU and its attorneys, so that they may investigate her allegations and defend the case. Courts confronting similar circumstances have unanimously recognized that such limited disclosure is appropriate, for the obvious reason that a defendant cannot defend itself without knowing against whom it is defending. As further explained below, the same logic mandates the same result here.

## BACKGROUND

Jane Doe alleges that a former NSU employee subjected her to various criminal sexual acts between 2002 and 2012, when she was a minor. (*See generally* ECF No. 1 (Complaint).) Doe alleges the employee was imprisoned in 2016, and has now sued NSU because some of the misconduct allegedly occurred on NSU's campus. NSU, according to Doe, should have done more "to provide standards regarding family and peers underage minors [sic] allowed on campus[.]" (Compl. ¶ 39.)[2]

NSU has been unable to substantiate or even investigate any of Doe's allegations based on the limited and scattered allegations in the Complaint. Because of the length of time that has elapsed since the events in Doe's Complaint took place, the available documentary evidence is extremely limited, and the alleged wrongdoer has not been an NSU employee since 2012.

---

[1] At this juncture, continued anonymous litigation is procedurally improper because Doe has not sought leave to proceed under a pseudonym. *E.g.*, *Richard S. v. Sebelius*, No. 3:12-007-TMC, 2012 WL 1909344, at *1 (D.S.C. May 25, 2012) (noting that "[t]he court does not condone the filing of an action anonymously without permission."). NSU, however, is not seeking public disclosure of Doe's identity in this motion.

[2] For the reasons stated in NSU's pending Motion to Dismiss (ECF No. 6), Doe has not identified any legally cognizable duties under Virginia law, and her claims are barred by sovereign immunity, so the Court should dismiss her Complaint with prejudice.

Therefore, undersigned counsel reached out to Doe (using the phone number listed on the Complaint), and asked that she disclose her identity, so NSU could investigate her allegations. Doe responded that she would not disclose her identity unless NSU "makes [her] an offer." But the Federal Rules of Civil Procedure do not permit Doe to blindfold NSU to extract a settlement. To the contrary, by bringing this lawsuit, Doe conferred on NSU the right to defend itself and to test the accuracy of her allegations, which it cannot do without knowing who she is. Because Doe has refused to voluntarily provide this information, the Court must require her to do so.

## ARGUMENT

Federal Rule of Civil Procedure 10 provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The intention of this rule "is to apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings . . . . Among the pertinent facts is the identity of the parties." *Doe v. N. State Aviation, LLC*, No. 1:17-cv-346, 2017 WL 1900290, at *1 (M.D.N.C. May 9, 2017) (internal citation and quotation marks omitted). Nonetheless, trial courts have discretion to allow pseudonymous litigation in "exceptional" circumstances. *Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014).

Even in those exceptional cases where plaintiffs may withhold their names from the public, "disclosure to the participating parties is both feasible and required." *Doe v. The New Ritz, Inc.*, No. RDB-14-2367, 2016 WL 454940, at *2 (D. Md. Feb. 5, 2016) (requiring the plaintiff to disclose her name to the defendants "so that they may fully investigate her claims"); *see also B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (noting that the trial court possesses "the inherent power to require the plaintiff to identify herself under seal to the court and to the defendants"); *Doe v. Merten*, 219 F.R.D. 387, 395 (E.D. Va. 2004) (noting that "fairness requires that defendants

be allowed to explore and challenge plaintiffs' standing and they can do so effectively only if plaintiffs' identities are disclosed to them"). That a complaint involves sensitive and private allegations does not alter this analysis. *A.D. v. Wyndham Hotels & Resorts, Inc.*, Case No. 4:19-cv-120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020) (noting, in case involving allegations of sex trafficking at the defendant's hotels, that the plaintiff could proceed under a pseudonym subject to the limitation that the plaintiff "provide her full name and the identity of her trafficker to the Defendant" and the "Defendant may use this information in discovery").

Courts across the country addressing similar scenarios have reached the same conclusion: a plaintiff cannot sue and simultaneously prevent the other party from defending itself by withholding her identity. *See Does v. Sung Bum Chang*, No. 3:08-cv-2189-N, 2010 WL 11618786, at *5 (N.D. Tex. Feb. 9, 2010) (requiring plaintiffs to disclose their identities to the defendants because "[w]ithout any information about the Does' identity, the [defendants'] ability to mount an adequate defense will be greatly impaired."); *Doe v. Hobson*, 300 F.R.D. 576, 577 (M.D. Ala. 2014) (denying the plaintiffs' request to withhold their names from the defendants because disclosure was necessary for the defendants "to test standing, to conduct discovery, and cross examine their evidence"). On the other hand, NSU has located no case in which a court permitted a plaintiff to remain anonymous to those she is suing.

As all of these courts have recognized, both the Federal Rules and fundamental fairness permit only one result: Doe must disclose her name to NSU and its counsel. Without this information, NSU cannot even begin to investigate Doe's allegations. Moreover, NSU does not intend to disclose Doe's identity to the public, or to those without a need to know for purposes of defending the litigation. Thus, Doe's interest in confidentiality will remain protected. Accordingly, the Court should require Doe to disclose her identity to NSU.

## **CONCLUSION**

For the foregoing reasons, NSU respectfully requests that the Court enter an Order requiring Doe to disclose her identity to NSU and its counsel within three business days of the Order.

Dated: November 21, 2023

Respectfully submitted,

**NORFOLK STATE UNIVERSITY**

/s/ Heidi E. Siegmund
Jackie L. White (VSB No. 96317)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Telephone: (703) 712-5474
Facsimile: (703) 712-5206
jwhite@mcguirewoods.com

Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2023, a copy of the foregoing was filed electronically using the CM/ECF system, and a hard copy was mailed to Plaintiff via certified mail at:

120 Kidd Boulevard
Norfolk, VA 23502

/s/ Heidi E. Siegmund
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:   (804) 775-1000
Fax:   (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Defendant*