IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | |
|---|---|
| **JANE DOE,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**NORFOLK STATE UNIVERSITY,**<br><br>            **Defendant.** | Case No. 2:23-cv-470 |

**DEFENDANT NORFOLK STATE UNIVERSITY'S REPLY IN SUPPORT OF ITS
MOTION FOR DISCLOSURE OF JANE DOE'S IDENTITY**

Defendant Norfolk State University ("NSU"), by counsel, submits as follows in further support of its Motion for Disclosure of Doe's Identity (the "Motion," ECF No. 13).

## BACKGROUND

On December 6, Doe requested an indefinite extension to respond to NSU's Motion, stating she did not receive the certified mailing. (ECF No. 15.)[1]  That motion appears to now be moot, however, because on December 18, Doe filed a "Motion for Exclusionary Rule & Deprivation of Rights Under Color of Law."  Although styled as a "motion," this filing appears to also contain Doe's opposition to NSU's prior Motion.  Specifically, that pleading contains the following paragraph (excerpted on next page):

---

[1] NSU sent the Motion by certified mail to Doe's correct address on November 21, as indicated on the Certificate of Service.  NSU has not yet received a delivery receipt through the U.S. Postal Service.  Based on Doe's extension request, however, Doe received the Motion no later than December 6.

1

> I too respond now to document 13 & 14 submitted by defendants counsel to decline revealing identity as protected anonymity with sex crimes especially involving being then a minor child and due anonymity protection of such sensitive subjects. The Honorable Federal court honored the pleading under Jane Doe as did the State of North Carolina in the winning conviction trial against NSU employee and I now pray for relief to ask to move this court forward to a Trauma induced Settlement review that there is no evidence admissible by the defendant to avoid and prevent further trauma to the surviving plaintiff.

(ECF No. 17 at 3.) This "opposition" fails to address any of the authorities NSU cites, which permit Doe to proceed under a pseudonym for purposes of the public docket but require disclosure of Doe's identity *to NSU and its counsel* so that NSU may defend itself. For this reason, and those stated in NSU's opening Memorandum, the Motion should be granted.

## ARGUMENT

Doe's latest filing is entirely non-responsive to NSU's arguments. Doe says nothing about why she should be permitted to withhold her identity from NSU and its counsel, as opposed to the public more generally. She identifies no harm that she believes she would suffer through a limited disclosure that would permit NSU to accurately respond to her allegations. And, she fails to explain how she believes NSU could possibly litigate this case without knowing who she is. Nor does she address NSU's cited authorities, all of which unanimously hold that plaintiffs must disclose their identities to those they choose to sue, even in sensitive cases involving sexual assault or other private matters. (*See generally* ECF No. 14.)

Again, without knowing Doe's identity, NSU cannot investigate or evaluate the merits of Doe's claims; it cannot identify or try to locate potential witnesses; and it cannot ensure that any remaining evidence is being preserved (to the extent such evidence remains available, given that the alleged events in Doe's Complaint occurred over 10 years ago). Accordingly, disclosure of Doe's identity to NSU "is both feasible and required." *Doe v. The New Ritz, Inc.*, No. RDB-14-

2367, 2016 WL 454940, at *2 (D. Md. Feb. 5, 2016) (requiring the plaintiff to disclose her name to the defendants "so that they may fully investigate her claims").

For these reasons, as further explained in NSU's opening Memorandum, NSU's Motion should be granted.

## CONCLUSION

For the reasons above, NSU respectfully requests that the Court deny Doe's motion for an extension of time, and grant NSU's motion for disclosure of Doe's identity.

Dated:  December 20, 2023

Respectfully submitted,

**NORFOLK STATE UNIVERSITY**

/s/ Heidi E. Siegmund
Jackie L. White (VSB No. 96317)
MCGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Telephone: (703) 712-5474
Facsimile:  (703) 712-5206
jwhite@mcguirewoods.com

Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
Tel:    (804) 775-1000
Fax:    (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2023, a copy of the foregoing was filed electronically using the CM/ECF system, and a hard copy was mailed to Plaintiff via certified mail and FedEx at:

120 Kidd Boulevard
Norfolk, VA 23502

/s/ Heidi E. Siegmund
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:   (804) 775-1000
Fax:   (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Defendant*