**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JANE DOE,**

**Plaintiff,**

**v.** **ACTION NO. 2:23cv470**

**NORFOLK STATE UNIVERSITY,**

**Defendant.**

# ORDER

Plaintiff Jane Doe ("Plaintiff"), appearing *pro se*, filed this action against Defendant Norfolk State University ("Defendant" or "NSU"). Compl., ECF No. 1. This matter is before the Court on the following motions:

(i) Plaintiff's Motion for Recusal, ECF No. 3;
(ii) Defendant's Motion for Extension, ECF No. 4;
(iii) Defendant's Motion to Dismiss, ECF No. 6;
(iv) Plaintiff's Motion for Formal Subpoena, ECF No. 11;
(v) Defendant's Motion for Disclosure of Jane Doe's Identity, ECF No. 13;
(vi) Plaintiff's Motion for Extension, ECF No. 15;
(vii) Plaintiff's Motion to Request Trauma Induced Court Settlement Review, ECF No. 16;
(viii) Plaintiff's Motion for Exclusionary Rule & Deprivation of Rights Under Color of Law, ECF No. 17;
(ix) Plaintiff's Motion for Addendum of Statement of Claim 18 USC 1204 International Parental Kidnapping Crime 29 USC 212, ECF No. 20; and
(x) Plaintiff's Motion to Submit Evidence from Expert, ECF No. 21.

## I. FACTUAL BACKGROUND

*Pro se* Plaintiff paid the requisite fees and filed a Complaint against Defendant. Compl., ECF No. 1; Receipt, ECF No. 1-2. In the Complaint, Plaintiff alleges that when she was a minor, she was subjected to sexual abuse for approximately ten years by an individual who was employed by Defendant. Compl. at 1-23. Plaintiff further alleges that the sexual abuse took place on

Defendant's campus. *Id.* Plaintiff's abuser was criminally charged, convicted, and sentenced to twenty-four years in prison. *Id.* In this action, Plaintiff seeks declaratory, injunctive, and monetary relief against Defendant; however, Plaintiff does not clearly identify the specific legal claims that she seeks to assert against Defendant.[1] *Id.*

## II. PLAINTIFF'S MOTION FOR RECUSAL

This civil action was initially assigned to the Honorable Raymond A. Jackson. After filing this action, Plaintiff learned that Judge Jackson previously attended NSU. Mot. Recusal at 1, ECF No. 3. Due to Judge Jackson's connection to NSU, Plaintiff filed a Motion for Recusal, in which Plaintiff asks that Judge Jackson be recused from this case. *Id.*

On August 6, 2024, the Court *sua sponte* reassigned this action to the undersigned, rendering Plaintiff's requested relief moot. Accordingly, Plaintiff's Motion for Recusal, ECF No. 3, is **DISMISSED** as moot.

## III. DEFENDANT'S MOTION FOR EXTENSION

Shortly after Defendant was served with process in this action, Defendant filed a Motion for Extension, in which Defendant states that its counsel "needs a modest extension of time" to analyze Plaintiff's Complaint and to submit a responsive pleading to the Court. Mot. Extension at 1, ECF No. 4. However, Defendant subsequently filed a Motion to Dismiss prior to the expiration of its initial responsive pleading deadline. Mot. Dismiss, ECF No. 6. Accordingly, Defendant's Motion for Extension, ECF No. 4, is **DISMISSED** as moot.

---

[1] In the "Basis for Jurisdiction" section of her Complaint, Plaintiff refers to 18 U.S.C. § 2421, 18 U.S.C. § 2422, 18 U.S.C. § 2423, and 20 U.S.C. § 1092; however, these statutes do not provide a litigant with a private cause of action. *See Tyes v. Dep't of Corr. & Supervision*, No. 9:19cv1332, 2020 U.S. Dist. LEXIS 134621, at *10-11 (N.D.N.Y. Jan. 13, 2020); *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 703-04 (M.D. Tenn. 2018).

## IV. <u>DEFENDANT'S MOTION TO DISMISS</u>

In its Motion to Dismiss, Defendant asks the Court to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss, ECF No. 6. Upon review, the Court finds that Plaintiff's Complaint, in its current form, is inadequate. However, in deference to Plaintiff's *pro se* status, the Court finds it appropriate to allow Plaintiff an opportunity to file an Amended Complaint to clarify her intended claims and the factual basis for such claims. Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint within thirty days of the date of entry of this Order. Plaintiff is ADVISED that the Amended Complaint will supersede Plaintiff's initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(i) be clearly labeled as Plaintiff's Amended Complaint;

(ii) clearly identify the intended Defendant(s);

(iii) comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure;[2]

(iv) clearly state, with specificity, each claim that Plaintiff intends to assert in this action; and

(v) clearly set forth all factual allegations upon which each asserted claim is based.[3]

An amended complaint supersedes a prior complaint and renders it of no legal effect. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). Because Defendant's Motion to

[2] Rule 8 provides that a claim for relief must contain (i) a "short and plain statement of the claim showing that the pleader is entitled to relief;" and (ii) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Rule 10 provides that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

[3] Plaintiff is further ADVISED that the Amended Complaint may not simply refer to, or rely upon, factual allegations set forth in previously filed documents.

Dismiss seeks relief as to Plaintiff's initial Complaint, which will no longer serve as the operative complaint in this matter, Defendant's Motion to Dismiss, ECF No. 6, is **DISMISSED** as moot.[4]

## V. DEFENDANT'S MOTION FOR DISCLOSURE OF JANE DOE'S IDENTITY

Due to the sensitive nature of this case, Plaintiff is proceeding in this action under the fictitious name, "Jane Doe." *See generally* Compl. at 1-23. Defendant filed a Motion for Disclosure of Jane Doe's Identity, in which Defendant asks the Court to require Plaintiff to "disclose her identity to NSU and its counsel."[5] Mem. Supp. Mot. Disclose Jane Doe's Identity at 5, ECF No. 14. To support its request, Defendant states:

> [Plaintiff] has refused to share her identity, even with NSU or its counsel. NSU therefore cannot investigate [Plaintiff's] allegations. Nor, if this case proceeds to discovery, could NSU identify witnesses, cross-examine [Plaintiff], challenge her evidence, or otherwise adequately defend itself without knowing even the most fundamental fact about its adversary: who is she?

*Id.* at 1.

While the Court finds Defendant's concerns to be valid, the Court further finds that Defendant's request is premature until Plaintiff files an Amended Complaint, as ordered herein. *See supra* Part IV. Accordingly, Defendant's Motion for Disclosure of Jane Doe's Identity, ECF

[4] The Court notes that Plaintiff filed two motions, in which she appears to seek leave to supplement her initial Complaint. These motions include (i) Plaintiff's Motion for Addendum of Statement of Claim 18 USC 1204 International Parental Kidnapping Crime 29 USC 212, ECF No. 20; and (ii) Plaintiff's Motion to Submit Evidence from Expert, ECF No. 21. Because the Court hereby orders Plaintiff to file an Amended Complaint, the relief requested in these motions has been rendered moot. Accordingly, Plaintiff's motions, ECF Nos. 20 and 21, are **DISMISSED** as moot.

[5] Plaintiff filed a Motion for Extension, in which she seeks additional time to respond to Defendant's Motion for Disclosure of Jane Doe's Identity. Mot. Extension, ECF No. 15. Shortly thereafter, Plaintiff filed an untimely response. Mot. Exclusionary Rule & Deprivation Rights Under Color Law at 3, ECF No. 17 (responding to Defendant's motion). In deference to Plaintiff's *pro se* status, the Court hereby **GRANTS** Plaintiff's Motion for Extension. The Court deems Plaintiff's response to be timely filed and has considered the response in its analysis of Defendant's motion.

No. 13, is **DENIED** without prejudice. Defendant is free to refile its motion if, upon receipt and review of Plaintiff's Amended Complaint, Defendant finds it necessary to do so.

## VI. PLAINTIFF'S MOTION FOR FORMAL SUBPOENA

Plaintiff filed a Motion for Formal Subpoena, in which she asks the Court to issue subpoenas that would allow Plaintiff to obtain certain criminal records from the Currituck County Courthouse. Mot. Formal Subpoena at 1, ECF No. 11. As an initial matter, the Court finds that Plaintiff's motion does not comply with the procedural requirements set forth in Local Civil Rule 45(A). *See* E.D. Va. Loc. Civ. R. 45(A) (summarizing the necessary contents of a *pro se* party's application for a subpoena). The Court further finds that Plaintiff's request for a subpoena is premature. The Court will not address discovery-related requests until Plaintiff files an Amended Complaint, any dismissal motions are resolved, and the Court determines that this action should proceed to discovery. Accordingly, Plaintiff's Motion for Formal Subpoena, ECF No. 11, is **DENIED** without prejudice.

## VII. PLAINTIFF'S REMAINING MOTIONS

In addition to the motions discussed and resolved above, Plaintiff also filed a Motion to Request Trauma Induced Court Settlement Review, ECF No. 16, and a Motion for Exclusionary Rule & Deprivation of Rights Under Color of Law, ECF No. 17. However, upon review, the Court finds that these motions do not adequately identify the relief requested or the legal basis for such relief. Accordingly, Plaintiff's motions, ECF Nos. 16 and 17, are **DENIED** without prejudice.

## VIII. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Recusal, ECF No. 3, is **DISMISSED** as moot; Defendant's Motion for Extension, ECF No. 4, is **DISMISSED** as moot; Plaintiff is

**ORDERED** to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days of the date of entry of this Order; Defendant's Motion to Dismiss, ECF No. 6, is **DISMISSED** as moot; Plaintiff's Motion for Addendum of Statement of Claim 18 USC 1204 International Parental Kidnapping Crime 29 USC 212, ECF No. 20; is **DISMISSED** as moot; Plaintiff's Motion to Submit Evidence from Expert, ECF No. 21 is **DISMISSED** as moot; Plaintiff's Motion for Extension, ECF No. 15, is **GRANTED**; Defendant's Motion for Disclosure of Jane Doe's Identity, ECF No. 13, is **DENIED** without prejudice; Plaintiff's Motion for Formal Subpoena, ECF No. 11, is **DENIED** without prejudice; Plaintiff's Motion to Request Trauma Induced Court Settlement Review, ECF No. 16, is **DENIED** without prejudice; and Plaintiff's Motion for Exclusionary Rule & Deprivation of Rights Under Color of Law, ECF No. 17, is **DENIED** without prejudice.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/ MSD

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 12 , 2024