UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JANE DOE,

               Plaintiff,

v.                                        Civil No. 2:23cv470

NORFOLK STATE UNIVERSITY,

               Defendant.

## OPINION AND ORDER

This matter is before the Court on a Rule 12(b)(1) and 12(b)(6) motion to dismiss filed by Defendant Norfolk State University ("NSU" or "Defendant"). ECF No. 24. The following motions filed by Plaintiff are also pending: Motion for Leave of Court, ECF No. 29, Motion to Move Trial, ECF No. 30, Motion to Settle Remaining Settlement, ECF No. 31, and Motion for Judicial Court Ordered Settlement, ECF No. 32. Because the facts and legal questions are adequately presented in the motions and subsequent briefs, and oral argument would not aid in the decisional process, the Court finds that a hearing is unnecessary. For the reasons explained herein, the Court **GRANTS** NSU's motion to dismiss pursuant to Rule 12(b)(1) and **DISMISSES** Plaintiff's amended complaint without prejudice. As a result, Plaintiff's motions are all **DISMISSED as MOOT.** ECF Nos. 29-32.

## I. BACKGROUND[1]

Plaintiff Jane Doe filed her complaint on September 26, 2023. ECF No. 1. This Court, finding certain deficiencies in such complaint, ordered Plaintiff to file an amended complaint correcting these errors. ECF No. 22, at 3. Thereafter, on September 11, 2024, Plaintiff filed an amended complaint. ECF No. 23.

Plaintiff's amended complaint alleges that from 2002 to 2012 her guardian, Michael Williams, an employee of NSU, sexually abused her in his office on NSU's campus. Id. at 5-12. Plaintiff further alleges that Mr. Williams' supervisor, Mr. Prathap Bassapah, another NSU employee, transported her across state lines to help facilitate this sexual abuse and often threatened her if she did not comply with Mr. Williams' sexual requests. Id. at 3-4. Plaintiff's complaint also mentions other NSU employees, including Ms. Cheryl Woolridge, that were reportedly aware of Mr. Williams' odd behavior towards Plaintiff, and some who purportedly even knew that sexual abuse was occurring but took no action to stop it. Id. at 6.[2]

---

[1] The facts reported below are taken from the complaint and do not represent "findings" by the Court for the purposes of the case.

[2] Although Mr. Bassapah and Ms. Woolridge are discussed in Plaintiff's amended complaint, Plaintiff does not request that these individuals be made defendants in this action. ECF No. 23, at 3, 6. These individuals are not named in the caption of Plaintiff's amended complaint, nor is there any evidence in the record indicating that these individuals were served with a copy of the amended complaint. Plaintiff was required to comply with

Based on these facts, Plaintiff advances multiple causes of action, claiming that: (1) Defendant violated the Mann Act; (2) Defendant violated the Clery Act; (3) Defendant violated her Fifth and Fourteenth Amendment Rights; (4) Defendant was negligent under Virginia law for not noticing an employee's sexual abuse of a minor; and (5) Defendant should be held vicariously liable under Virginia law for the actions of Mr. Williams and Mr. Bassapah. ECF No. 23, at 1-2, 18.[3]  Plaintiff's amended complaint also purports to add an additional Defendant, E.W. Scripps Company ("Scripps"). Id. at 18.  Although Plaintiff's exact allegations against Scripps are unclear, it appears that Plaintiff is alleging that Scripps' lack of reporting on her abuse at the hands of Mr. Williams and NSU constitutes a "physical[] assault" that causes her emotional distress.  Id. at 18.[4]

---

Federal Rule of Civil Procedure 20 if she sought to join additional parties as defendants to this suit.  See Green v. Mecklenburg Cnty., No. 3:19cv673, 2020 WL 3077187, at *4 (W.D.N.C. June 10, 2020).

[3] In the caption of her amended complaint Plaintiff also names the Board of Visitors of Norfolk State University as a Defendant.  However, Plaintiff fails to advance any claims specifically against the Board within her complaint. To the extent Plaintiff was attempting to advance the same claims against the Board of Visitors as she asserted against NSU, the forthcoming analysis applies to those claims as well.  Moreover, there is no indication that Plaintiff served her amended complaint on the Board of Visitors in accordance with Federal Rule of Civil Procedure 4(m).

[4] Plaintiff does not include Scripps in the caption of her amended complaint, nor is there anything in the record suggesting that Plaintiff served Scripps with the amended complaint.  ECF No. 23, at 2.  This is discussed further in footnote 11.

Plaintiff alleges that, as a result of 10 years of sexual abuse, she suffers from various mental, physical, and emotional issues that warrant significant relief from NSU and Scripps.  Id. at 13-14.  Plaintiff is seeking upwards of $90 million in damages, relating to the "immense emotional, physiological, & social damages" caused by her abuse and the subsequent lack of reporting on her abuse.  Id. at 17-18.  Plaintiff is requesting NSU also make various policy changes to protect future minors on campus from sexual abuse and that they grant her an honorary PhD in Clinical Psychology for her work towards "improv[ing] measure[s] of security [for] all youth minors with any association to [NSU's] campus."  Id. at 17.

Defendant NSU, after receiving Plaintiff's amended complaint, promptly filed the motion to dismiss that is pending before the Court.  ECF No. 24.  Plaintiff filed a response in opposition, ECF No. 27, and Defendant filed a reply, ECF No. 28.  This motion is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a cause of action based on a court's lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction "challenges [the] court's authority to hear the matter brought by [the] complaint."

4

_Zaycer v. Sturm Foods, Inc._, 896 F. Supp. 2d 399, 403 (D. Md. 2012). When subject matter jurisdiction is challenged, the plaintiff, as the party asserting jurisdiction, bears the burden of establishing that federal jurisdiction is proper. _Lovern v. Edwards_, 190 F.3d 648, 654 (4th Cir. 1999).

"The basic statutory grants of federal court subject matter jurisdiction" are contained in 28 U.S.C. § 1331, which creates federal question jurisdiction, and 28 U.S.C. § 1332, which creates diversity jurisdiction. _Arbaugh v. Y&H Corp._, 546 U.S. 500, 513 (2006). A plaintiff can invoke federal question jurisdiction when they plead a "colorable claim 'arising under' the Federal Constitution or laws." _Id._ (quoting 28 U.S.C. § 1331). Diversity jurisdiction is proper when a plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." _Id._ (citing 28 U.S.C. § 1332). If a plaintiff is unable to establish federal question or diversity jurisdiction, then a federal court will lack subject matter jurisdiction to hear the case.

Subject matter jurisdiction is typically attacked through assertions that a plaintiff failed to present a federal question, that there is not complete diversity of parties, or that the claim does not exceed $75,000. However, certain defendants may also challenge a court's subject matter jurisdiction by asserting sovereign immunity under the Eleventh Amendment. Because

5

sovereign immunity is plainly a jurisdictional issue, if a defendant successfully demonstrates their sovereign immunity, a court necessarily lacks subject matter jurisdiction over the claims against them. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys., 132 F.3d 985, 987, 990 (4th Cir. 1997).

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI.[5] Eleventh Amendment immunity is "a common (though somewhat inaccurate) shorthand for the federal [common] law doctrine [of sovereign immunity] that protects non-consenting States from suit in federal court." Doe v. Univ. of N. Carolina Sys., 133 F.4th 305, 313 (4th Cir. 2025) (quoting Global Innovative Concepts, LLC v. Florida, 105 F.4th 139, 144 (4th Cir. 2024)). To avoid any confusion, this Court will refer to this concept broadly as "sovereign immunity," as Defendant does in its motion.

Sovereign immunity is not limited to only shielding states from suit, rather, it stretches to "state agencies and other governmental entities that can be viewed as arms of the state."

---

[5] The United States Supreme Court has found that sovereign immunity extends to protect states from suits brought by their own citizens as well. Alden v. Maine, 527 U.S. 706, 727–28 (1999).

_Singleton v. Md. Tech. & Dev. Corp._, 103 F.4th 1042, 1047 (4th Cir. 2024).  Generally, state supported universities are considered arms of the state and therefore afforded the same sovereign immunity as states.  _Adkins v. Rectors & Visitors of George Mason Univ._, No. 1:15cv879, 2015 WL 5638102, at *2 (E.D. Va. Sept. 23, 2015) (citing _Shepard v. Irving_, 204 F. Supp. 2d 902, 912 (E.D. Va. 2002)); _see also_ _Francis v. Univ. of Baltimore_, No. CV RDB-24-2295, 2025 WL 1952515, at *8 (D. Md. July 16, 2025) (finding that publicly funded universities are an instrumentality of the state and therefore "enjoy the distinct protections" of sovereign immunity).  This immunity, however, is not unlimited.

There are three exceptions to sovereign immunity.  First, in limited circumstances, Congress may abrogate a state's immunity based on Congress's authority under the Fourteenth Amendment. _Dellmuth v. Muth_, 491 U.S. 223, 228 (1989).  Second, a state may consent to suit and waive its immunity.  _Va. Office for Prot. & Advoc. v. Stewart_, 563 U.S. 247, 253 (2011).  Third, the _Ex Parte Young_ exception[6] allows certain claims to circumvent sovereign immunity if they are seeking prospective equitable relief against state officials who are committing ongoing violations of federal law.  _Lytle v. Griffith_, 240 F.3d 404, 408 (4th Cir. 2001).  The _Ex Parte Young_ exception "is extraordinarily limited and . . . has

---

[6] This exception derives its name from the Supreme Court decision in _Ex Parte Young_, 209 U.S. 123 (1908).

no application in suits against the States and their agencies, which are barred regardless of the relief sought.'" Id. (quoting Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)).

## B. Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a cause of action based on the plaintiff's failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Fair notice is provided by setting forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Neither "[t]hreadbare recitals of the elements of a cause of action,

8

supported by mere conclusory statements," nor "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" suffice to meet the plausibility requirement.  Id.

Because a motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the well-pled facts is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Because Defendant's jurisdictional challenges implicate the Court's authority to consider the merits of Defendant's Rule 12(b)(6) motion, the Court addresses the Rule 12(b)(1) claims first. See Hong Tang v. Univ. Baltimore, 782 F. App'x 254, 256 (4th Cir. 2019) (finding that jurisdictional challenges should take precedence over other motions).

## A. Federal Question Jurisdiction

Plaintiff relies solely on federal question jurisdiction to establish this Court's subject matter jurisdiction. ECF No. 1, at 3.[7] More specifically, Plaintiff asserts that the Mann Act, the Clery Act, and the Fifth and Fourteenth Amendments all present federal questions that allow this Court to assert subject matter jurisdiction under 28 U.S.C. § 1331. Id. Plaintiff does not address jurisdiction with respect to her state law negligence and vicarious liability claims.

By way of background, for federal question jurisdiction to be proper the suit must <u>arise</u> under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. As explained by the United States Court of Appeals for the Fourth Circuit, "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law," <u>Verizon Md., Inc. v. Global Naps, Inc.</u>, 377 F.3d 355, 362 (4th Cir. 2004) (quoting <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986)), but in the "vast majority" of cases, a suit "arises under" the law that creates the cause of action, <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004). Therefore, the first inquiry in a court's evaluation of its federal question jurisdiction should be whether

---

[7] Jane Doe and NSU are both citizens of Virginia for the purposes of determining diversity jurisdiction, ECF No. 1, at 8, and the Court, therefore, does not have subject matter jurisdiction derived from 28 U.S.C. § 1332. Neither party disputes the absence of diversity jurisdiction and thus the Court will not discuss diversity jurisdiction further.

federal or state law creates the cause of action.  Mulcahey v. Columbia Organic Chems., Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  "In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction."  Id.  If a federal law does not provide for a cause of action or a private right of action, then federal question jurisdiction is not present.  Warren v. Petery, 1:20cv793, 2021 WL 3293518, at *3 (M.D.N.C. 2021).

### 1. Mann Act Claims

Plaintiff begins by asserting that Defendant violated three provisions of the Mann Act: 18 U.S.C. §§ 2421, 2422, 2423.  ECF No. 23, at 14-15.  However, these are all criminal statutes, and "[c]ourts uniformly recognize that 'there is no private cause of action to pursue claims under federal criminal statutes.'"  Sansone v. United States Pat. & Trademark Off., No. 1:24cv19, 2025 WL 696527, at *4 (E.D. Va. Mar. 4, 2025) (quoting Robertson v. Foster, No. CV ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017)).  In other words, private citizens are unable to use alleged violations of a federal criminal statute to form the basis of their civil suit.  Because the Mann Act does not provide Plaintiff with a private right of action, the Court necessarily lacks federal question jurisdiction over this claim.  Therefore, the Court **GRANTS** Defendant's Rule 12(b)(1) motion to dismiss with respect to the Mann Act claims.

## 2. Clery Act Claim

Plaintiff next asserts that Defendant violated the Clery Act. 20 U.S.C. § 1092. The relevant portion of the Clery Act specifically states that "[n]othing in this subsection may be construed to (i) create a cause of action against any institution of higher education or any employee of such an institution for any civil liability; or (ii) establish any standard of care." Id. Put simply, the Act does not provide any private right of action. As such, this Court does not have federal question jurisdiction over Plaintiff's Clery Act claim, and therefore, **GRANTS** Defendant's Rule 12(b)(1) motion to dismiss with respect to this claim.

## 3. Constitutional Claims

With regards to Plaintiff's Fifth and Fourteenth Amendment claims, it is clear they present a federal question. Although not referenced in her amended complaint, it appears Plaintiff brings these claims under 42 U.S.C. § 1983. Section 1983 creates a private right of action that allows individuals to file civil suits "to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). Because federal law creates a cause of action and Plaintiff's claims arise directly from the Constitution, this Court may properly assert subject matter jurisdiction over them.

12

See *Flowers v. South Carolina*, No. CA 8:15-706-TMC-JDA, 2015 WL 3545620, at *3 (D.S.C. June 8, 2015) (finding that the plaintiff's claims relating to violations of the Fifth and Fourteenth Amendments clearly present a federal question and are therefore properly within the federal court's jurisdiction).

                          *     *     *

Although 28 U.S.C. § 1331 allows this Court to assert jurisdiction over Plaintiff's Fifth and Fourteenth Amendment claims, this is not the end of the Court's jurisdictional inquiry. Defendant asserts that sovereign immunity prevents the Court from exercising subject matter jurisdiction over these remaining federal claims. Additionally, after addressing the sovereign immunity issue involving the Constitutional claims, the Court must consider its subject matter jurisdiction over Plaintiff's remaining state law claims.

### B. Sovereign Immunity

To address the merits of Defendant's sovereign immunity argument the Court must first determine whether NSU is an entity that can assert sovereign immunity. Various publicly funded Virginia institutions of higher education have previously been categorized by the United States Supreme Court as "arms of the State" entitled to assert state sovereign immunity. *Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 360 (2006); *see Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 475 (E.D. Va. 1999) (finding

13

that "state colleges and universities are agents of the state, and thus immune from suit"). The Court sees no reason to treat NSU differently. Instructively, other judges of this Court have expressly held that "NSU is a state agent and/or instrumentality for the purposes of evaluating the applicability of [sovereign] immunity." Adkins-Easley v. Adams-Gaston, No. 2:20cv565, 2021 WL 12352751, at *3 (E.D. Va. Sept. 7, 2021); see Brown v. Porter, No. 2:19cv376, 2019 WL 8503313, at *12 (E.D. Va. Nov. 26, 2019). The undersigned agrees with and adopts such findings, meaning that NSU will be shielded from the remaining federal Constitutional claims in Plaintiff's amended complaint unless one of the three sovereign immunity exceptions applies.

### 1. Congressional Abrogation

The first exception, congressional abrogation, fails to save Plaintiff's remaining federal claims. With regards to Plaintiff's Fifth and Fourteenth Amendment claims, Congress has not abrogated the sovereign immunity of states, or their agencies, for alleged violations of constitutional rights as pursued under § 1983. Biggs v. N. Carolina Dep't of Pub. Safety, 953 F.3d 236, 241 (4th Cir. 2020). Because there has not been "an unequivocal and express act of Congress" to abrogate sovereign immunity for Fifth and Fourteenth Amendment claims against states or their agencies, Defendant's sovereign immunity remains intact. United States v. Jones, 225 F.3d 468, 470 (4th Cir. 2000).

14

## 2. Waiver of Sovereign Immunity

A defendant may waive its sovereign immunity protections if it does so "knowingly and voluntarily." <u>Amaram v. Virginia State Univ.</u>, No. 3:06cv444, 2006 WL 6198447, at *1 (E.D. Va. Sept. 14, 2006). A sovereign immunity waiver can be made only "by the most express language [that] . . . leaves no room for any other reasonable construction." <u>McConnell v. Adams</u>, 829 F.2d 1319, 1329 (4th Cir. 1987). Any constructive or implied immunity waiver argument must therefore be rejected. <u>Amaram</u>, 2006 WL 6198447, at *1. Here, nothing in the record suggests that NSU has knowingly and voluntarily waived their sovereign immunity in relation to any of Plaintiff's federal claims, as underscored by their motion pending before the Court. Accordingly, the second sovereign immunity exception does not apply here.

## 3. <u>Ex Parte Young</u>

The last and most narrow sovereign immunity exception, the <u>Ex Parte Young</u> exception, "applies only to prospective equitable relief," from ongoing violations of federal law. <u>Lytle</u>, 240 F.3d at 408. Here, Plaintiff is not alleging any ongoing violations of federal law, rather she is alleging that violations of federal law occurred from 2002 until 2012. ECF No. 23, at 10. Furthermore, this exception has no application in suits against state agencies, and instead only applies to suits against specific state officers. <u>Ex parte Young</u>, 209 U.S. 123, 159-60 (1908); <u>Puerto Rico Aqueduct</u>,

506 U.S. at 146.  Because Plaintiff does not "name an officer of NSU as a defendant," or "charge any officer of NSU with a[n] [ongoing] violation of federal law,"[8] Plaintiff is unable to invoke the third sovereign immunity exception.  In re Jordon, 275 B.R. 755, 760-61 (Bankr. W.D. Va. 2002).

                              *    *    *

     Because there is no congressional abrogation, express waiver of immunity, or applicable Ex Parte Young exception, NSU, as an "arm" of the state, is entitled to sovereign immunity from Plaintiff's remaining federal claims.  Sovereign immunity deprives this Court of subject matter jurisdiction over Plaintiff's Fifth and Fourteenth Amendment claims.  Therefore, the Court **DISMISSES** these claims without prejudice.[9]  As such, no federal claims remain in this action.

### C. Supplemental Jurisdiction

     In a civil action where a district court has federal question jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

---

[8] As outlined previously, the fact that Plaintiff mentions various NSU employees in her complaint does not automatically make them individual defendants in her action.

[9] The Court recognizes that Defendant requests Plaintiff's amended complaint be dismissed with prejudice.  ECF No. 25, at 7.  However, a dismissal for "any [] defect in subject matter jurisdiction [] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction for a number of reasons, including when a court has already dismissed all claims over which it had original jurisdiction. Id. Here, the Court has dismissed all of Plaintiff's claims that raised a federal question, meaning that there are no longer any claims over which this Court has original jurisdiction.[10]

When deciding whether to exercise supplemental jurisdiction over a state law claim, the Fourth Circuit advises district courts to consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). Here, none of the remaining counts directly involve federal policy; all instead allege causes of action under Virginia law. This consideration counsels against exercising supplemental jurisdiction. Additionally, the comity and judicial economy factors similarly counsel against asserting supplemental jurisdiction. Specifically, "[a]llowing a state court to address state law matters would best serve judicial economy," and Virginia state courts are more well-practiced in

---

[10] The Court assumes, in Plaintiff's favor, that it possesses the authority to assert supplemental jurisdiction over Plaintiff's state law claims even though all Plaintiff's federal claims were dismissed for lack of jurisdiction.

their own tort law than this Court.   Thornton v. Piedmont Reg'l
Jail Auth., No. 3:24cv499, 2025 WL 888417, at *12 (E.D. Va. Mar.
21, 2025).   Additionally, were Plaintiff to re-file her claims in
state court, the parties would essentially be at the same stage of
the litigation process as they are here.   Id.   As such, fairness
and convenience to the parties also weighs in favor of the Court
declining to exercise supplemental jurisdiction.   See id. (finding
that because the case remained in an early stage of litigation, no
disputed state-law-based claims had been decided, and no discovery
orders had been entered, declining supplemental jurisdiction was
appropriate).   After consideration of these factors, the Court
**DECLINES** to exercise supplemental jurisdiction over Plaintiff's
negligence and vicarious liability claims.   The Court, therefore,
**DISMISSES** Plaintiff's state law claims without prejudice.

\*     \*     \*

Because all Plaintiff's federal claims against NSU have been
dismissed for the reasons stated above, the Court **GRANTS**
Defendant's motion to dismiss under Rule 12(b)(1) in full and
**DISMISSES** Plaintiff's amended complaint without prejudice.[11]

---

[11] To the extent Plaintiff purports to add Scripps as a Defendant despite
not serving them the amended complaint, it appears that Plaintiff only
asserts state law claims against them.  Because these claims do not raise
a federal question and the parties are not diverse, this Court similarly
lacks subject matter jurisdiction over any claims asserted against Scripps.
See 28 U.S.C. §§ 1331, 1332.

**D. Rule 12(b)(6) – Failure to State a Claim**

Because all of Plaintiff's claims have been dismissed on jurisdictional grounds, the Court does not reach the merits of Defendant's Rule 12(b)(6) motion. <u>Hong Tang</u>, 782 F. App'x at 256. The Court **DISMISSES** Defendant's Rule 12(b)(6) motion as **MOOT**.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss all Plaintiff's claims on Rule 12(b)(1) grounds and **DISMISSES** Plaintiff's amended complaint without prejudice. ECF Nos. 23, 24. The Court **DISMISSES** Plaintiff's Rule 12(b)(6) motion as **MOOT**. Additionally, to the extent Plaintiff asserts claims against Scripps, the Court **DISMISSES**, without prejudice, such claims. Because Plaintiff's amended complaint has been dismissed, the Court also **DISMISSES** Plaintiff's pending motions at ECF Nos. 29, 30, 31, and 32 as **MOOT**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Plaintiff and counsel for Defendant.

**IT IS SO ORDERED.**

/s/ _Mark S. Davis_

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 19 , 2025